Tilghman C. J.
This action was brought in the court of Common Pleas of Lancaster county by Vanlear plaintiff, against Frey defendant. The plaintiff demanded a trial by arbitrators, who made an award, which was returned and filed, according to the act of assembly in such case provided. The arbitrators returned, together with the award, minutes of their several meetings and proceedings. This they were not bound to do, but having done it, the judgment is subject to reversal for any error appearing on the face of the proceedings. Two errors are assigned. 1. That the record contains no declaration or statement of the plaintiff’s cause of action. ■2. That the arbitrators examined a witness in the absence of the defendant, at a meeting of which he had no notice.
1. The first point has been several times decided by this Court. In a proceeding before arbitrators, there is no necessity for a declaration or statement, if the parties think proper to go on without it, as it appears they did in this case.
2. From an attentive examination of the return made by the arbitrators, it appears-, that they met according to appointment, on the 19th August, when both plaintiff and defendant attended, produced evidence and were, heard, and an adjournment was made to the Ist September. On the 1st September, the arbitrators met but did no business, and adjourned to the 15th September. There was no meeting on the 15th September, but on the 21st October, the arbitrators met again, examined a witness in the absence of the defendant, and made an. award. I am always disposed to support awards, where it can be done. without injustice. But ex parte proceedings without notice, cannot be reconciled to the principles of justice. The meeting on the 21st October, was not pursuant to adjournment, nor does it appear, that the defendant had notice. Indeed it may be fairly inferred, that he had not, as the arbitrators appear to have given a Candid account of all their proceedings, and there is no mention of notice. I am of opinion, that the examination of a witness under these circumstances was erroneous, and therefore the judgment should be reversed.
*437 Ye ates J.
I do not count it for error, that the summons issued in this cause has not specified on what matter, by bond, note, or otherwise, the debt claimed arose. If the writ was not sufficiently special, the defendant below should have excepted thereto, either by plea in abatement, or motion to the court, or otherwise. But here he appeared generally, and went before arbitrators on the merits, and has thereby slipped his opportunity/
The’want of a statement in a case before arbitrators, where the same has not been required by the adverse party, we have, in several instances, decided to be no ground- of error.
Whether the arbitrators examined a witness ex parte, without affording the defendant below an opportunity of cross-examining him, according to the first principles of justice, must be determined, on error, by the record alone. It fortunately happens, that the award here contains a minute detail of facts. The arbitrators met, pursuant to the rule, on •the 19th August, 1814, heard the parties, their proofs and allegations, and, for want of evidence adjourned to the 1st September following. On this day they again met, and adjourned to the 15th of same month. Nothing is said of their meeting on this last day, or of their further adjourn.ment. Upon the 21st October they met a third time, without having or receiving any further evidence, but one witness ex parte, after hearing the parties at the first time, and found for the plaintiff 568 dollars 75 cents with costs. When the arbitrators did meet or adjourn, is expressly stated. They met on the 19th August and 1st September, and adjourned to certain days.' If they had met on the 15th September, concerning which they are wholly silent, they would have met four times, including the 21st October, which contradicts their report; and at their first meeting the witness spoken of was not examined. It therefore irresistibly follows, that he must have been examined on the last day, to which time there was no adjournment, or notice given to the defendant below to attend, in his absence.
This appears to me to be clearly erroneous,' and therefore I am of opinion the judgment below be reversed.
.Brackenridge J. concurred.
Judgment reversed.